IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MICHAEL BANNY** § | | **PLAINTIFF** |
| § | | |
| V. § | | **CAUSE NO. 1:11cv172-LG-RHW** |
| § | | |
| **ONEWEST BANK, FSB, fka** § | | |
| **INDYMAC FEDERAL BANK F.S.B.,** § | | |
| **SHAPIRO & MASSEY, and JOHN** § | | |
| **and JANE DOES 1-10** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND
ORDER DENYING PRELIMINARY INJUNCTION**

BEFORE THE COURT is Plaintiff Michael Banny's [28] Motion for Injunction. He seeks to enjoin Defendant Onewest Bank, FSB's foreclosure on his home, currently scheduled for August 5, 2011. The Court has considered the parties' submissions and the relevant legal authority. The motion is denied.

**FACTS AND PROCEDURAL HISTORY**

Banny is a Gulfport, Mississippi homeowner whose home is subject to a mortgage. Onewest is a bank that is trying to collect on that mortgage. Shapiro & Massey is the law firm that represents Onewest in its collection efforts.

Banny filed this action on April 15, 2011, challenging the way Defendants have handled his mortgage. He alleges, among other things, that they have made misrepresentations as to the correct amount due and as to the identity of the creditor. Subsequently, Shapiro & Massey notified him that Onewest will sell the home in foreclosure on August 5. On July 26, he filed the instant motion to stay foreclosure during the pendency of this litigation. In doing so, he invokes the Fair Debt Collection

Practices Act.

## DISCUSSION

To obtain a preliminary injunction, Banny must establish the following elements:

(1) a substantial likelihood of success on the merits,

(2) a substantial threat that he will suffer irreparable injury if the injunction is denied,

(3) that the threatened injury to him outweighs any damage that the injunction might cause Defendants, and

(4) that the injunction will not disserve the public interest.

*Sugar Busters, LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999). "A preliminary injunction is considered 'an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 917-18 (5th Cir. 2000) (citations omitted).

Banny's seeks a preliminary injunction based upon claims made under the provisions of the FDCPA. He argues he has a substantial likelihood of success on the merits, because of the "several violations of the Fair Debt Collection Practices Act." (Pl.'s Mot. for Inj. at 2 (¶9)). Defendants argue that the FDCPA does not permit injunctive relief.

The Fifth Circuit has not squarely addressed whether injunctive relief is available under the FDCPA. The Court of Appeals has twice noted that other "courts

uniformly hold that the FDCPA does not authorize equitable relief." *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 n.4 (5th Cir. 2000). Taking this cue from the Fifth Circuit, this Court has held that injunctive relief is not available under the Act. *Smith v. Tower Loan of Miss., Inc.*, 216 F.R.D. 338, 378 (S.D. Miss. 2003) (Bramlette, J.). *See also*, *Harris v. Everhome Mortg. Co.*, 2008 U.S. Dist. LEXIS 58997, 1:08cv302-HSO-JMR at *3 (S.D. Miss. July 23, 2008) (Ozerden, J.).

Furthermore, the Court is persuaded by *Washington*, that the Court is without power to grant injunctive relief under the FDCPA. *Washington* examined whether or not the Fair Credit Reporting Act permitted a private cause of action for injunctive relief. *Washington*, 199 F.3d at 268. The court held it did not, because that Act specifically gave private individuals the right to damages and attorney fees and specifically gave the government the right to seek an injunction. *Id.*

> We hold that the affirmative grant of power to the [Federal Trade Commission] to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Id.* The court was persuaded in part by the fact that a similar statutory structure in the FDCPA had been used by other courts to hold injunctions were not available under that Act to private plaintiffs. *Id.* at n.4; *Bolin*, 231 F.3d at 977 n.39 (discussing *Washington*).

The Court finds that the reasoning in *Washington* is applicable here. The

FDCPA authorizes specific forms of relief to private individuals but does not authorize injunctions. 15 U.S.C. § 1692k(a). This, coupled with the Act's specific grant of injunctive relief to the FTC, compels the Court to conclude that it is without authority to grant Banny injunctive relief under the provisions of the FDCPA. *See*, 15 U.S.C. §§ 45(b), 1692l(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Plaintiff Michael Banny's [28] Motion for Injunction should be and is hereby **DENIED.**

**SO ORDERED AND ADJUDGED** this the 3rd day of August, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE