UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: MICHAEL BANNY | CASE NO. 11-51783-KMS |
| DEBTOR | CHAPTER 13 |
| MICHAEL BANNY | PLAINTIFF |
| V. | ADV. NO 11-05046-KMS |
| ONEWEST BANK, FSB, F/K/A INDYMAC FEDERAL BANK, FSB, SHAPIRO & MASSEY and JOHN And JANE DOES 1-10 | DEFENDANTS |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

This matter came on for hearing on November 3, 2011, (the "Hearing") on the Motion to Dismiss Party (the "Motion"), (Dkt. No. 4), filed by the creditor OneWest Bank, FSB ("OneWest") and the Response, (Dkt. No. 12), filed by debtor Michael Banny ("Banny"). At the Hearing, Mark H. Tyson appeared on behalf of OneWest and Frances Passman Yeatts represented Banny. At the conclusion of the Hearing, the Court took the Motion under advisement.

### I. FINDINGS OF FACT[1]

On April 15, 2011, Banny filed a complaint in the United States District Court for the Southern District of Mississippi alleging violations of the Fair Debt Collection Practices Act

---

[1] The proposed findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

1

("FDCPA") (the "Complaint").[2] (Adv. Dkt. No. 2).[3] On August 4, 2011, Banny initiated the above styled chapter 13 bankruptcy case.[4] (Dkt. No. 1). On September 15, 2011, the District Court referred Banny's FDCPA case to this Court. (Adv. Dkt. No. 1). On September 28, 2011, OneWest filed the instant Motion, alleging that Banny's claim is barred by res judicata and that the Complaint fails to state a claim upon which relief can be granted.[5] (Adv. Dkt. No. 5).

According to the Complaint, Banny alleges the following:[6]

On February 9, 2007, Banny executed a promissory note ("Note") with Quicken Loans, Inc. ("Quicken Loans"). The Note was secured by a deed of trust on Banny's home located at 1000 Wanda Place, Gulfport, Mississippi 39501 (the "Deed of Trust"). Compl. at ¶¶ 8, 29. On an unknown date, Quicken Loans transferred the Note to IndyMac Bank, F.S.B. ("IndyMac Bank"), as evidenced by an undated endorsement on the back of Banny's Note. In or around July of 2007, Banny defaulted on the Note.[7] Compl. at ¶ 9. According to Banny, IndyMac Bank obtained *servicing rights* to Banny's mortgage after default. Compl. at ¶ 11. Banny asserts that "when he realized he fell behind on his mortgage, he promptly contacted IndyMac Bank, F.S.B.

---

[2] The Complaint names OneWest (which OneWest states was improperly identified as OneWest Bank, FSB, F/K/A IndyMac Federal Bank, F.S.B.), Shapiro & Massey and John and Jane Does 1-10 as defendants. The Complaint requests a jury trial and seeks actual damages, statutory damages, punitive damages and legal fees. Compl. at ¶ 7.

[3] Items from the docket in this adversary proceeding are identified as "Adv. Dkt. No. ___". Items from the chapter 13 case are identified as "Dkt. No. ___".

[4] Banny's bankruptcy schedules listed the FDCPA claim as pending litigation commenced within one year immediately preceding the commencement of his bankruptcy case. (Dkt. No. 12, at 19).

[5] OneWest also requests that this Court dismiss all claims with prejudice and award OneWest all costs, expenses and attorney's fees associated with the matter. (Adv. Dkt. No. 4, at 4).

[6] When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012, the Court must "liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

[7] According to Banny, the loan history reflects that his loan was first in default in or around July of 2007. The referenced loan history was not attached to the Complaint.

whom he believed to be the holder of the promissory note and servicer of his mortgage loan in order to advise IndyMac Bank, F.S.B. of his predicament." Compl. at ¶ 10.

On July 11, 2008, the Office of Thrift Supervision closed IndyMac Bank and transferred substantially all of the assets of the bank to a newly chartered IndyMac Federal Bank, F.S.B. ("IndyMac Federal") with the Federal Deposit Insurance Corporation ("FDIC") as conservator.[8] On March 12, 2009, Mortgage Electronic Registration Systems executed an assignment of Banny's Note and Deed of Trust to IndyMac Federal. Compl. Ex. F, at 2. On March 19, 2009, the FDIC completed the sale of IndyMac Federal to OneWest.[9] Banny alleges that IndyMac Mortgage Services, a division of OneWest, services his mortgage loan. Compl. at ¶ 5.

Banny speculates that the Note was transferred to an unknown party[10] before the sale of IndyMac Federal to OneWest, based on the presence of an undated endorsement in blank by IndyMac Bank on the Note.[11] Compl. at ¶ 34. According to Banny, he attempted to obtain a modification but the "multiple transfers of Banny's promissory note and deed of trust has

---

[8] The Court takes judicial notice of the following facts obtained on the FDIC's website. "On July 11, 2008, IndyMac Bank, F.S.B., Pasadena, CA was closed by the Office of Thrift Supervision (OTS) and the FDIC was named Conservator. All non-brokered insured deposit accounts and substantially all of the assets of IndyMac Bank, F.S.B. have been transferred to IndyMac Federal Bank, F.S.B. . . . ." FDIC, http://www.fdic.gov/bank/individual/failed/IndyMac.html (last visited March 13, 2012).

[9] See FDIC, http://www.fdic.gov/bank/individual/failed/IndyMac_bid_summary.html (last visited March 13, 2012).

[10] Banny alleges that on August 12, 2009, Deutsche Bank National Trust Company executed a limited power of attorney, appointing OneWest as successor to IndyMac Bank as servicer of a number of mortgages. However, there is no documentation showing that Banny's loan was among the number of mortgages that IndyMac serviced for the Deutsche Bank National Trust Company.

[11] Although this Court does not rely upon the following in this Opinion, it should be noted that at the Hearing, OneWest provided proof of ownership by transfer from the FDIC. Specifically, OneWest supplied the original Note and Deed of Trust and a copy of the Allonge stating "Pay to the order of OneWest Bank, FSB, without recourse . . . Federal Deposit Insurance Corporation as Receiver for IndyMac Federal Bank, FSB, successor to IndyMac Bank, F.S.B." Although Banny argues that the Note and Deed of Trust separated (Compl. at ¶ 30), under Mississippi law, the transferee of a note secured by a mortgage is entitled to the benefit of the mortgage; in other words, the deed of trust follows the note. *Dick v. Mawry*, 17 Miss. 448 (1848); *see also* 5 Tiffany Real Prop. § 1449 (2011) (transfer of the note also transfers mortgage lien).

3

clouded the modification process."[12] Compl. at ¶¶ 13, 15. The Complaint further alleges that the Defendants have "not been forthcoming with information and have taken inconsistent positions regarding Banny's mortgage loan." Compl. at ¶ 16. Banny retained an attorney and mailed letters to OneWest "demand[ing] to know who owed his mortgage loan so he could negotiate a modification with the appropriate entity," which Banny alleges were "largely unresponsive." Compl. at ¶¶ 15-16.[13]

On or about March 18, 2011, Banny received a letter from OneWest, stating that: (1) OneWest is a 'debt collector;' and (2) the principal balance on the loan is $116,554.22 and the total amount due is $25,979.45. Compl. at ¶¶ 23-24, Ex. C. Banny claims that the letter contained "false representations about the debt; namely, to whom the debt was owed and the amount of the debt." Compl. at ¶ 49. Banny asserts that the "Defendants' communications have been deceptive, misleading, false, abusive, harassing and unfair" and that Defendants "charged excessive and unauthorized fees." Id. Banny alleges that OneWest "failed to implement any effective policy to ensure its collection personnel comply with the FDCPA" and that he has been "severely agitated, annoyed, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendants." Compl. at ¶¶ 51-52. Banny also alleges that these actions were in violation of the FDCPA sections: (1) 15 U.S.C. § 1692f(1) by collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods;" and (2) "15 U.S.C. §§ 1692f(6), 1692e and 1692d." Compl. at ¶ 53.

In response to Banny's Complaint, OneWest filed its Motion asserting that the Complaint fails to state a claim for which relief can be granted because: (1) res judicata bars the action; and

---

[12] Although not taken into account by this Court in considering the Motion, at the Hearing, OneWest indicated that Banny did receive a prior modification of his loan.

[13] See supra note 11.

4

(2) OneWest is not a "debt collector" as defined in the FDCPA. (Adv. Dkt. No. 4). As to the res judicata claim, OneWest argues that this action is barred because Banny filed a prior action in state court, which he subsequently voluntarily dismissed with prejudice. OneWest further argues that it is not a debtor collector and, therefore, is not bound by the FDCPA. (Adv. Dkt. No. 5).

## II. CONCLUSIONS OF LAW[14]

### A. Jurisdiction

This Court has jurisdiction of the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 157(a) and 28 U.S.C. § 1334(b), since this matter relates to a Chapter 13 bankruptcy case pending before the Court. *Turner v. Universal Debt Solutions, Inc. (In re Turner)*, 436 B.R. 153, 156-57 (M.D. Ala. 2010) (bankruptcy court had "related to" jurisdiction over chapter 13 debtor's claim for pre-petition violation of FDCPA, reasoning outcome could have effect on estate being administered because any recovery would become property of chapter 13 estate). The Fifth Circuit's test for "related to" jurisdiction is "whether the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Matter of Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (internal citations omitted). The Fifth Circuit further elaborated that an "action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* (internal citations omitted).

Banny does not consent to this Court entering a final judgment under 28 U.S.C. § 157(c)(2). Thus, the Court submits the instant proposed findings and conclusions pursuant to 28 U.S.C. § 157(c)(1) and Fed. R. Bankr. P. 9033.

---

[14] In analyzing the case at hand, this Court only considered the pleadings, the attachments thereto and certain matters of public record, of which this Court may take judicial notice.

**B. Standard of Review for Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable through Federal Rule of Bankruptcy Procedure 7012, "only tests whether the claim has been adequately stated in the complaint." *Norwood v. Performance Ins. Servs., Inc.*, No. 2:10cv241 KS-MTP, 2011 WL 719609, at *2 (S.D. Miss. Feb. 22, 2011) (*citing* 5A C. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990)). In considering the motion, the court may not look outside the pleadings and must "accept all well-pleaded facts as true, viewing them in light most favorable to the plaintiff." *Norwood*, 2011 WL 719609, at *2 (*citing Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008) (internal citations omitted).

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (*citing Bell v. Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). While a complaint need not contain detailed factual allegations, it must be dismissed under Rule 12(b)(6) unless it contains sufficient facts "to raise a right to relief above the speculative level." *Norwood*, 2011 WL 719609, at *2 (citing *Twombly*, 550 U.S. at 555)).

A complaint is insufficient to withstand dismissal if it contains no more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Blackstock v. Sedwick Claims Mgmt. Servs., Inc.*, No. 4:09-CV-26-SA-DAS, 2009 WL 2754761, at *1 (N.D. Miss. Aug. 26, 2009) (*citing Twombly*, 550 U.S. at 570). "Conversely, 'when the

6

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Id.* (*quoting Cuviller v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice.[15] *See* FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). A court can consider the contents of the pleadings, including attachments, as well as documents attached to the motion, if they are referenced in the plaintiff's complaint and are central to the claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Furthermore, a court may refer to matters of public record when deciding a motion to dismiss without converting the motion into one for summary judgment. *Chauhan v. Formosa Plastics Corp.*, 212 F.3d 595, 595 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) (*citing Louisiana ex rel. Guste v. United States*, 656 F. Supp. 1310, 1314 n.6 (W.D. La. 1986), *aff'd*, 832 F.3d 935 (5thCir. 1987)); *see also Hayne v. The Innocence Project*, No. 09-CV-218-KS-LRA, 2011 WL 198128, at *2 (S.D. Miss. Jan 20, 2011).[16]

---

[15] "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b).

[16] Banny's Response to the Motion introduced evidence outside the Complaint, specifically the Response cited directly to OneWest's memorandum in support of a motion to dismiss originally filed in the District Court. (Adv. Dkt. No. 12, at ¶ 8). The Court does not take the prior memorandum into account in its consideration of the current Motion.

**C. Sufficiency of the Allegations in the Complaint**

    **1. Fair Debt Collection Practices Act Claim**

        **a. Arguments of the Parties**

Banny's Complaint alleges that Defendants' actions violated the FDCPA. In its Motion, OneWest argues that Banny's claims under the FDCPA fail because OneWest is not a debt collector and the Complaint does not meet the standards necessary to withstand a motion to dismiss under *Iqbal* and *Twombly*. Banny responded to OneWest's Motion asserting that "mortgage servicing companies like OneWest can be a debt collector if the debt was in default at the time it was assigned" and that "given the fact that we do not know when OneWest obtained the servicing rights to Banny's loan, it is impossible at this point in time to exclude OneWest from the definition of 'debt collector'" or "characterize OneWest as a creditor." (Adv. Dkt. 13, at 6-7). Banny further alleges that this question will be determined through discovery of the date OneWest obtained its servicing rights to his loan. (Adv. Dkt. 13, at 7). OneWest rebutted Banny's response alleging that "the exception to the statutory definition of debt collector for those who acquire debt which was not in default at the time it was obtained is only applicable if the defendant is actually a debt collector." (Adv. Dkt. 14, at 4). OneWest further alleges that "a party does not become a debt collector because it acquired a debt that was in default if it does not otherwise fall within the definition of debt collector." (Adv. Dkt. 14, at 5). Finally, OneWest alleges that Banny's own Complaint indicates that OneWest is not a debt collector because OneWest did not obtain its interest in Banny's loan solely for debt-collection purposes.

### b. Fair Debt Collection Practices Act

The purpose of the FDCPA is to "eliminate abusive debt collection practices *by debt collectors*, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (emphasis added). In order to prevail on a FDCPA claim, the plaintiff must prove the following: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Vick v. NCO Fin. Sys., Inc.*, No. 2:09-CV-114-TJW-CE, 2011 WL 1193027, at *2 (E.D. Tex. Mar. 7, 2011).

The prohibitions of the FDCPA apply only to "debt collectors." *Fouché v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008). Thus, if OneWest is not a debt collector, Banny's Complaint fails to state a valid claim. The FDCPA defines "debt collector" as "any person . . . in any business the *principal purpose* of which is the collection of *any* debts" or any person "who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*."[17] 15 U.S.C. § 1692a(6) (emphasis added). Excluded from the definition of "debt collector" is "any person collecting or attempting to collect any debt

---

[17] The definition states in its entirety:

> "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the *collection* of *any debts, or* who *regularly* collects *or attempts to collect*, directly or indirectly, *debts* owed or due or asserted to be owed or *due another*. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . ."

15 U.S.C. § 1692a(6) (emphasis added).

owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ."[18] 15 U.S.C. § 1692a(6)(F)(iii). "The FDCPA does not apply to the actions of a party seeking to collect a debt owed to *itself.*" *Robertson v. GE Consumer Fin., Inc.*, No. 2:06cv3KS-MTP, 2008 WL 4868289, at *3 (S.D. Miss. Nov. 7, 2008) (emphasis added) (FDCPA does not convert legitimate owners of debts into 'debt collectors;' Monogram, acquired plaintiff's credit card account and later merged with GEMB; thus, GEMB was owner of debt as creditor not debt collector); *Richard v. Santander Consumer USA*, 2011 WL 6202238, at *2-3 (N.D. Tex. Dec. 13, 2011) (only debt collectors, not creditors, are subject to FDCPA; at time of alleged violation any collection activity engaged in by defendant was for the collection of its own debt rather than a debt owed to another); *see also Bacon v. Sw. Airlines Co.*, No. CIV.A.3:97-CV-2211-L, 1999 U.S. Dist. LEXIS 2907, at *9-10 (N.D. Tex. Mar. 5, 1999) ("FDCPA specifically excludes creditors who, while using their own names, attempt direct collection of debts owed to them.") (internal citations omitted). Generally, a debt collector is a person who regularly collects or attempts to collect debts owed to a third person. *Stewart v. Alzonzo*, No. C-08-347, 2009 WL 174938, at *2 (S.D. Tex. Jan. 26, 2009) (ordinarily the FDCPA protects consumers against only those entities that collect debts for third parties). In short, any person can be a debt collector, absent meeting one of the statutory exceptions, if (1) the principal purpose of the business is the collection of any debts; or (2) the person regularly collects or attempts to collect debts owed or due to another.

---

[18] The exclusion states in its entirety:
    The term does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor."

15 U.S.C. § 1692a(6)(F).

In contrast to a "debt collector," the FDCPA defines a "creditor" as "any person . . . to whom a debt is owed" but does not include any person who "receives an assignment or transfer of a debt in default *solely* for the purpose of facilitating collection of such debt *for another*."[19] 15 U.S.C. § 1692a(4) (emphasis added).

The Fifth Circuit examined the legislative history behind § 1692a(6) noting that it "indicates conclusively that a debt collector does not include the consumer's *creditors, mortgage servicing company*, or assignee of a debt, as long as the debt was *not in default* at the time *when it was assigned*." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (*citing* S. Rep. No. 95-382 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698). In *Brown v. Morris*, the Fifth Circuit noted that its decision in *Perry* "at least implicitly interpreted "obtained" to be synonymous with 'assigned'." 243 F.App'x 31, 34-35 (5th Cir. 2007) (unpublished) (distinguishing an assignment of a debt for debt collection purposes with acquiring a debt through merger and holding that the mortgage company, which acquired the debt through merger, did not "obtain" the debt while it was in default). Other courts have noted that the Fifth Circuit's holding in *Perry* supports the notion that "one can satisfy the definition of 'creditor' yet still be classified as a debt collector," such as the case where a creditor or mortgage servicer obtains the debt while it is in default. *McAdams v. Citifinancial Mtg. Co.*, No. Civ.A.06 27 A, 2007 WL 141128, at *6 (M.D. La. Jan. 16, 2007) (holding that "'debt collector' includes a 'creditor' who did not originate a loan but later obtained the debt while it was in default"); *but*

---

[19] The definition of "creditor" states in its entirety:

> The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. § 1692a(3).

*see Santander*, 2011 WL 6202238, at *2-3 (only debt collectors, not creditors, are subject to FDCPA; at time of alleged violation any collection activity engaged in by defendant was for the collection of its own debt rather than a debt owed to another).

On its face, Banny's Complaint fails to sufficiently allege that OneWest is a debt collector under the FDCPA; rather, it merely states unsupported legal conclusions that OneWest is a debt collector because the "principal purpose of [its] business is the collection of debts" and OneWest "regularly collects or attempt to collect, directly or indirectly debts owed or due or asserted to be owed or due another."[20] This, however, is merely a recitation of the definition of "debt collector." *See Lumzy v. Mortg. Elec. Registration Sys., Inc.*, No. 2:08cv23KS-MTP, 2008 WL 3992671, at *2 (S.D. Miss. Aug. 21, 2008) (conclusory allegations or legal conclusions masquerading as factual conclusions will [not] [*sic*] suffice to prevent a motion to dismiss) (*citing Blackburn*, 42 F.3d at 931); *see also Brooks v. Citibank*, 345 F.App'x 260, 262 (9th Cir. 2009) (assertion that after reasonable opportunity for investigation and discovery that evidence will show Citibank is debt collector is nothing more than "[t]hreadbare recital elements of cause of action, supported by mere conclusory statement" properly rejected by district court).

The determination of whether a party regularly attempts to collect any debts is determined by the volume or frequency of its debt-collection activities. *Fouché*, 575 F. Supp. 2d at 785 (*citing Brown*, 243 F.App'x at 35). The Complaint is devoid of even the slightest fact indicating the volume or frequency of OneWest's debt-collection activities.[21] The Complaint only contains a recitation of the definition of a "debt collector."

---

[20] The Complaint states exactly, "Defendants, OneWest and Massey are 'debt collectors' as the term is defined by 15 U.S.C. § 1692a(6). The principal purpose of Defendants', OneWest and Massey, business is the collection of debts. Defendants, OneWest and Massey regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Compl. at ¶ 48.

[21] The definition of debt collector includes a person . . . with the principal purpose of its business is the collection of *any* debts or who regularly collects or attempts to collect . . . debts owed or due asserted to be owed or *due*

Banny's allegation that OneWest identified itself as a debt collector in its March 18, 2011, letter does not cure Banny's deficiency.[22] The test for whether a person or entity is a debt collector is based upon the application of the facts to the FDCPA's definition of debt collector, not what is stated on the company letterhead. *See Fouché*, 575 F. Supp. 2d at 778 n.6 (inclusion of FDCPA language in notices does not estop a defendant from denying that it is a debt collector) (internal citations omitted); *see also Nwoke v. Countrywide Home Loans, Inc.*, 251 F.App'x 363, 365 (7th Cir. Oct. 18, 2007) (statement in correspondence that Countrywide is debt collector has nothing to do with whether it is a debt collector for purposes of FDCPA); *see also Rine v. Ocwen Loan Servicing, LLC*, No. 1:10-cv-1107, 2011 WL 1327358, at *3 (W.D. Mich. Apr. 6, 2011) (neither plaintiff's conclusory statements nor defendant's letterhead controls; application of facts to statute determines whether defendant is debt collector under FDCPA); *see also Siwulec v. Chase Home Fin., LLC*, No. 10-1875 (FLW), 2010 WL 5071353, at *4 (D.N.J. Dec. 7, 2010) (mere use of debt collection language in written notice does not make party proper defendant under FDCPA). Because Banny makes only conclusory statements with no facts to support that OneWest is in the debt collection business, the Complaint does not arise to the pleading standards set forth in *Iqbal* and *Twombly*.[23]

---

*another*. In other words, if OneWest's principal purpose is the collection of *any* debt, it is a debt collector, absent meeting one of the six exceptions in the statute. If OneWest regularly collects or attempts to collect debts of another, it is a debt collector, absent meeting one of the six exceptions.

[22] *See* Compl. Ex. C. The exhibit, as filed, cuts off the beginning of the sentence. The readable portion states "pany is a debt collector . . ." *Id.*

[23] Likewise, with regard to the alleged violations of the FDCPA, the Complaint fails to offer any facts that support such violations. Instead the Complaint merely recites the elements of a claim. *See* Compl. ¶¶ 17("communications have been deceptive, misleading, false, abusive, harassing and unfair" and "Defendants have charged excessive and unauthorized fees"); 49(communications "made false representations about the debt; namely, to whom the debt was owed and the amount of the debt"); 51(Defendants "failed to implement any effective policy to assure that it [sic] collection personnel comply with the [FDCPA]"); 52("Banny has been severely agitated, annoyed, emotionally damaged and have [sic] otherwise been unduly inconvenienced by the actions of Defendants.").

13

In response to OneWest's Motion to Dismiss, Banny cites *Perry v. Stewart Title Co.* for the proposition that OneWest is a debt collector because it allegedly acquired his Note while it was in default. (Adv. Dkt. No. 13). In *Perry*, the Fifth Circuit noted that the legislative history of the FDCPA reveals that the term "debt collector does not include a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." 756 F.2d at 1208 (internal citations omitted). OneWest obtained all of the assets of IndyMac Bank/IndyMac Federal, via the FDIC,[24] in a transaction more akin to a merger than the assignment contemplated in *Perry*. As a result, OneWest steps in the shoes of IndyMac Bank, and under existing Fifth Circuit precedent would only be a debt collector if the loan was in default at the time that it was transferred to IndyMac Bank. *Brown*, 243 F.App'x. at 34-35 (holding mortgage company was not a "debt collector" because it was not specifically assigned mortgage for debt collection purposes but acquired it through merger; thus, company did not "obtain" mortgage while it was in default); *see also Robertson v. GE Consumer Fin., Inc.*, No. 2:06cv3KS-MTP, 2008 WL 4868289, at *3 (S.D. Miss. Nov. 7, 2008).[25] There is no allegation in the Complaint that the loan was in default at the time that Quicken Loans assigned it to IndyMac Bank.[26]

For the reasons stated above, the Court finds that the Complaint fails to state a claim against OneWest under the FDCPA.

---

[24] *See supra* notes 8, 9, at 3 and accompanying text.

[25] Other courts have held that OneWest is not a debt collector as a result of purchasing the assets of IndyMac Federal from the FDIC. *See e.g. Davis v. OneWest Bank, F.S.B.*, No. 3:09CV699-HEH, 2010 WL 538760 (E.D. Va. Fed. 12, 2010); *Padgett v. OneWest Bank, FSB*, No. 3:10-CV-08, 2010 WL 1539839 (N.D. W. Va. Apr. 19, 2010); *Sexton v. IndyMac Bank FSB*, No. 3:11–cv–437–RCJ–WGC, 2011 WL 3607608 (D. Nev. Oct. 7, 2011).

[26] As noted above, Banny asserts that the loan was in default at the time that IndyMac Bank obtained the *servicing rights*. *See supra* p. 2. In addition to there being no factual support for this allegation, a mere recitation of the Fifth Circuit's requirement regarding assignee liability set forth in *Perry*, the Note, on its face, reflects that the entire obligation was assigned to IndyMac Bank. Compl. Ex. D, at 5. Even if the servicing rights were somehow separately assigned, the operative fact for purposes of this Motion is the date the Note was assigned.

## 2. Res Judicata

OneWest also asserts that Banny's claims are precluded because of his voluntary dismissal with prejudice of an earlier case against OneWest. On December 8, 2009, Banny filed a complaint in the Chancery Court of the First Judicial District of Harrison County, Mississippi against Quicken Loans, IndyMac Mortgage Services a Division of OneWest and OneWest asserting claims for breach of fiduciary duty and good faith, fraud, bad faith, violation of the Truth-in-Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act, for intentional infliction of emotional distress and for injunctive relief.[27] On January 8, 2010, the case was removed to the United States District Court for the Southern District of Mississippi ("District Court"). On March 2, 2010, the District Court granted Banny's voluntary Motion to Dismiss and dismissed the case with prejudice.

Res judicata, or claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (internal citations omitted). Application of the doctrine of res judicata is proper only if the following four-part test is met: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases. *Eubanks v. FDIC*, 977 F.2d 166, 169 (5th Cir. 1992). Neither party disputes that the first and second elements are met. The initial suit named the exact same parties and the District Court entered a valid final order dismissing the case with prejudice.

---

[27] The 2009 Complaint asserted that the Defendants intentionally misrepresented that Banny's loan was under review for loan modification and instructed him not to pay the mortgage due to the pending modification; Banny relied on the misrepresentation and the Defendants began foreclosure proceedings; Banny was denied modification without any explanation; Defendants failed to provide required documentation regarding attempted modifications; and Defendants charged late fees in violation of the TILA.

However, the parties dispute the remaining two elements – final judgment on the merits and same cause of action.

### a. Final Judgment on the Merits

The parties contest the third element – that there must be a final judgment on the merits. Banny argues that the "Order of Dismissal in the previous case was not a final judgment on the merits because there was no Order from this Court which contained findings and does not bind OneWest or Banny in any way on any issues."[28] (Adv. Dkt. No. 13, at 4-5) (*citing The Lubrizol Corp. v. Exxon Corp*, 632 F. Supp. 326 (S.D. Tex. 1989), for the proposition that a judgment dismissing suit with prejudice that is void of any findings does not bind the parties on any issue which might arise in connection with another cause of action).[29] However, the Fifth Circuit has held that a dismissal with prejudice is a final judgment on the merits. *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 363 (5th Cir. 2003) (holding that plaintiff's voluntary dismissal of all claims with prejudice was final judgment on merits) (*citing Schwarz v. Folloder*, 767 F.2d 125, 129-30 (5th Cir. 1985), *over ruled on other grounds by Buckhannon Bd. Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001); *c.f. Am. Heritage Life Ins. Co. v. Heritage Life Ins. Co.*, 494 F.2d 3, 8 (5th Cir. 1974) (involving a voluntary dismissal without prejudice, discussing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322 (1955), and noting that "where the judgment dismissing suit is not accompanied by findings, the judgment does not bind the parties on any issue which might arise in connection with another cause of action."). Thus, the third requirement that there be a final judgment on the merits in the prior proceeding is met.

---

[28] Banny also alleges that OneWest did not make an appearance in, or file any responsive pleading in the prior case "bolster[ing] the conclusion that the Order did not bind OneWest on any of the issues." (Adv. Dkt. No. 13, at 5).

[29] The facts in *Lubrizol* are distinguishable from the facts in the instant case. In *Lubrizol*, because of an underlying settlement agreement, the parties entered into a stipulation of dismissal with prejudice. The order of dismissal did not contain findings of fact or conclusions of law, nor did it incorporate the terms of the settlement agreement. Here, Banny voluntarily dismissed his prior action with prejudice.

### b. Same Cause of Action

The parties also dispute the fourth requirement – the same claim or cause of action was involved in both suits. To determine whether the same claim is involved in two actions, the Fifth Circuit has held that the transactional test of the *Restatement (Second) of Torts* § 24 applies. *Eubanks*, 977 F.2d at 171. The focus of this inquiry is whether the two actions were based upon the "same nucleus of operative facts." *Id.* The court "is to look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Id.*

OneWest argues that the original and instant cases involved "the same subject matter – the February 9, 2007 mortgage loan" and the claims were "based upon the very same underlying transaction as those previously dismissed by the District Court with prejudice." (Adv. Dkt. No. 5, at 7). Banny argues that res judicata does not bar this action because the "cause of action under the FDCPA did not arise until after the dismissal of the original action." (Adv. Dkt. No. 13, at 5). Specifically, the Complaint focuses on a communication between OneWest and Banny on March 18, 2011, almost one year after the original complaint was dismissed. Certainly Banny could not have raised claims in his original complaint allegedly arising from correspondence that was not drafted until after the first complaint had been dismissed. Thus, because the cause of action did not involve the same nucleus of operative facts, Banny's claims are not barred by res judicata.

### D. Request for Attorney's Fees

Pursuant to 15 U.S.C. § 1692k(a)(3), "on a finding by the court that an action under this section was brought in bad faith *and* for the purpose of harassment, the court *may* award to the defendant attorney's fees reasonable in relation to the work expended and costs. (emphasis added). The Court does not find that Banny acted in bad faith or for the purpose of harassment

in filing the Complaint to justify an award of attorney's fees. Accordingly, OneWest is not entitled to attorney's fees.

### III. CONCLUSION

For the reasons stated above, the Court recommends to the District Court that, pursuant to *Iqbal* and *Twombly*, the Motion to Dismiss be GRANTED without prejudice for Banny's failure to plead sufficient facts regarding his FDCPA claim.

*/s/ Katharine M. Samson*
Katharine M. Samson
United States Bankruptcy Judge
Dated: March 20, 2012