# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

MICHAEL BANNY                                                                PLAINTIFF

V.                                                  CAUSE NO. 1:11CV172-LG-RHW

ONEWEST BANK, FSB f/k/a Indymac
Federal Bank, F.S.B.; SHAPIRO AND
MASSEY; JOHN AND JANE DOES
1-10                                                        DEFENDANTS

## ORDER ADOPTING PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

BEFORE THE COURT are the [41] Proposed Findings of Fact and Conclusions of Law in Support of Defendant's Motion to Dismiss entered by United States Bankruptcy Judge Katharine Samson pursuant to 28 U.S.C. § 157(c)(1). Plaintiff Michael Banny's complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. Defendant OneWest Bank, formerly known as Indymac Federal Bank (hereinafter "OneWest") moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court referred the case to the United States Bankruptcy Court, where Banny's chapter 13 bankruptcy case was pending. (Order, ECF No. 39). The Bankruptcy Court conducted a hearing, and recommends that OneWest's Motion to Dismiss be granted. Banny has filed objections, and OneWest has responded to Banny's objections.

In its Motion to Dismiss, OneWest argues that as a creditor and mortgage servicer, it is not a "debt collector" as defined by the FDCPA, and therefore it cannot

be held liable to Banny under that statute. It also argues that Banny's claims are barred by the doctrine of *res judicata*. The Bankruptcy Court rejected the *res judicata* argument, but found that Banny's complaint, on its face, has not sufficiently alleged that OneWest is a "debt collector," and therefore fails to state a claim under the FDCPA.

Banny has asserted several objections to Judge Samson's findings and conclusions, some of which simply restate arguments Banny made in response to the Motion to Dismiss. Banny also objects to the Bankruptcy Court's findings and conclusions on the grounds that Judge Samson improperly considered "matters outside the pleadings" and took judicial notice of certain facts. (Pl.'s Obj. 4, ECF No. 40-5.) The Bankruptcy Court considered the attachments to Banny's complaint, which was proper. And as set forth in the proposed findings and conclusions, "a court may refer to matters of public record when deciding a motion to dismiss without converting the motion into one for summary judgment." *Chauhan v. Formosa Plastics Corp.* 212 F.3d 595, 595 (5th Cir. 2000) (additional citations omitted). This objection is without merit.

Banny also argues that the Bankruptcy Court's findings are "inconsistent with the evidence." (Pl.'s Obj. 3, ECF No. 40-5). Banny asserts that the Bankruptcy Court found his note "had been in default since 2007 and thus the note was manifestly in default at the time it was assigned" in March 2009. (*Id.*) But as Judge Samson noted, Banny's complaint alleges only that his "first default" occurred in or around July 2007, and does not allege that his loan was in default at

the time Quicken Loans assigned the note to IndyMac Bank, which occurred on an unknown date. (*See* Compl. Ex. D 5, ECF No. 1-5). The assignment to which Banny refers in his objections, and attaches as an exhibit thereto, is the transfer of his note to IndyMac **Federal** Bank in March 2009.

As set forth fully in the Bankruptcy Court's findings and conclusions, Banny's complaint has simply stated an unsupported legal conclusion that OneWest meets the definition of "debt collector" under the FDCPA. Banny's complaint does not allege that OneWest's purpose in purchasing IndyMac was to facilitate debt collection; he merely recites the statutory definition of "debt collector" in concluding that the "principal purpose of Defendants' . . . business is the collection of debts." (Compl. 6 (¶48), ECF No. 1). Such a label is not sufficient to survive a motion to dismiss under *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2006)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.,* a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."). *Id. at* 545. Banny has failed to allege OneWest is a debt collector, and has not shown that the exception to the definition of "debt collector" for those who acquire debts in default under § 1692a(6)(F) is applicable. Therefore, Banny's complaint fails to state a claim against OneWest under the FDCPA. Accordingly, those claims are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [41] Proposed

Findings of Fact and Conclusions of Law in Support of Defendant's Motion to Dismiss entered by United States Bankruptcy Judge Katharine Samson are **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [13] Motion to Dismiss filed by Defendant OneWest Bank, F.S.B. is **GRANTED**. Plaintiff Banny's claims against Defendant OneWest Bank are **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED AND ADJUDGED** this the 4th day of March, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE